UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SACRAMENTO PEREZ, | ) | |
| Institutional ID No. 63229-019, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:13-CV-178-BG |
| DALBY HEALTH SERVICE, | ) | ECF |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Plaintiff Sacramento Perez filed this action complaining of events that occurred during his incarceration at the Giles W. Dalby Correctional Facility (Dalby Facility), a private correctional facility operated by Management Training Corporation pursuant to a contract with the Federal Bureau of Prisons. Perez claims that the Defendants acted with deliberate indifference to his serious medical needs during his incarceration at the Dalby Facility. He seeks declaratory relief, injunctive relief, compensatory damages, punitive damages, and reasonable costs and expenses.

The United States District Court transferred this case to the undersigned United States Magistrate Judge for further proceedings. The undersigned thereafter reviewed authenticated records from the Dalby Facility and conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985). The undersigned provided Perez with an opportunity to consent to the jurisdiction of the United States Magistrate Judge, but Perez did not consent. Pursuant to the order of transfer, the undersigned now files this Report and Recommendation.

**I.     Standard of Review**

A court must dismiss a prisoner complaint filed *in forma pauperis* if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2014). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A complaint lacking an arguable basis in fact rests upon clearly baseless factual contentions, while a complaint lacking an arguable basis in law rests upon indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). In reaching a frivolous determination, the court may consider reliable evidence such as the plaintiff's allegations, sworn testimony obtained at a *Spears* hearing, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991).

**II.    Perez's Claims**

Perez claims that Health Coordinator Quintana, Warden Dixon, Associate Warden Bryan, and the Dalby Facility health staff acted with deliberate indifference in regard to his medical needs. The authenticated medical records show that Perez complained of ongoing pain and swelling in his right testicle. Perez stated in his Complaint that he had this problem for eight months and he did not receive any medical treatment except pills. He requested to be examined by an outside specialist. After the filing of his Complaint, Perez was examined by a urologist and underwent surgery related to his ailments. At the *Spears* hearing, Perez testified that the surgery was successful in relieving some of his symptoms, but he seeks damages for the suffering that he endured during the delay.

**III.     Discussion**

As an initial consideration, Perez filed his Complaint on a form used for claims brought pursuant to 42 U.S.C. § 1983. Section 1983 "provides a cause of action against state actors who violate an individual's rights under federal law." *Filarsky v. Delia*, - - -U.S.- - -, 132 S. Ct. 1657, 1660, 182 L. Ed. 2d 662 (2012). None of the defendants named by Perez are state actors. Courts, however, must hold a *pro se* litigant's complaint to less stringent standards than a lawyer's formally drafted pleading. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Because Perez complains of constitutional violations that allegedly occurred during his incarceration as a federal prisoner, the court construes his claims as brought pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). *See Stephenson v. Reno*, 28 F.3d 26, 26 n.1 (5th Cir. 1994) (construing a federal prisoner's civil rights complaint as an action brought pursuant to *Bivens*).

Similar to a suit brought pursuant to § 1983 against state actors, the United States Supreme Court in *Bivens* first recognized a cause of action for money damages against federal officials alleged to have committed constitutional violations. *Bivens*, 403 U.S. at 389. The purpose of *Bivens* is to deter, by threat of suit, individual federal officers from engaging in unconstitutional acts. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001). But where existing processes—such as state and federal tort claims, suits for injunctive relief, or prison administrative procedures—provide for formal review of prison practices and remediation, the Supreme Court has been hesitant to extend *Bivens* liability. *See id.* at 72–74 (declining to extend *Bivens* to allow an implied damages remedy against private entities acting under color of federal

3

law; for example, a privately-operated federal prison).

Specifically, the Supreme Court declined to imply a *Bivens* action against personnel of a privately-operated federal prison where state tort law provided an adequate alternative remedy for the claimed Eighth Amendment violations. *See Minneci v. Pollard*, - - -U.S.- - -, 132 S. Ct. 617, 623–26, 181 L. Ed. 2d 606 (2012). Thus, a federal prisoner bringing suit for damages against employees of a privately-operated federal prison must look to state tort law for redress when the conduct at issue falls within its scope. *See id.* at 626. The remedies available through *Bivens* and state tort law "need not be perfectly congruent" so long as they "provide roughly similar incentives for potential defendants to comply with the Eighth Amendment" and "roughly similar compensation to victims. . . ." *Id.* at 625.

In the instant case, Perez alleges that employees of a privately-operated federal prison denied him adequate medical care. Under Texas law, inmates may pursue medical malpractice claims against prison healthcare providers. *See Tejada v. Gernale*, 363 S.W.3d 699, 701 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (denying summary judgment and allowing a former inmate's medical malpractice action to proceed). Further, Texas law permits a prisoner alleging Eighth Amendment violations to bring an action for monetary damages against a prison employee. *See Birdo v. Debose*, 819 S.W.2d 212, 215–16 (Tex. App.—Waco 1991, no writ). Because Texas tort law provides an adequate alternative remedy, *Bivens* does not authorize Perez's action for damages against the Dalby Facility defendant-employees. *See Minneci*, 132 S. Ct. at 626.

Perez's claims for injunctive relief, on the other hand, are not barred under *Bivens* or *Minneci*. *See Malesko*, 534 U.S. at 74 (distinguishing the *Bivens* remedy from suits for injunctive relief, which have "long been recognized as the proper means for preventing entities from acting

4

unconstitutionally"). Federal inmates may sue to enjoin prison officials from violating their constitutional rights. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (construing federal inmate's *pro se* complaint as "requesting injunctive relief from violation of his federal constitutional rights"). Because Perez was examined by a specialist and underwent surgery—his requested injunctive relief—after filing his Complaint, his claims for injunctive relief are moot. *See Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998) (finding "a request for injunctive relief generally becomes moot upon the happening of the event sought to be enjoined").

Even assuming Perez could pursue his claims, his allegations do not state a constitutional claim for deliberate indifference. Under the Eighth Amendment, prison officials have a duty to provide adequate medical care. *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). To allege a constitutional violation, an inmate must show that the prison official acted with deliberate indifference toward his serious medical needs, resulting in unnecessary and wanton infliction of pain. *Id*. Actions that amount to deliberate indifference could include refusing to treat a prisoner, ignoring his complaints, intentionally treating him incorrectly, or engaging "in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Perez testified that he sustained the injury to his testicle on October 20, 2011, after being hit by a police officer during the course of his arrest in Atlanta, Georgia. He was admitted to the Dalby Facility almost a year later in September 2012. According to authenticated medical records from the Dalby Facility, Perez self-reported gastritis and a testicular hernia upon intake, but he refused the recommended genital and prostate exam. After complaining of testicular pain in November

5

2012, he was examined by Dr. Herr, who observed a right scrotal mass and ordered an ultrasound. The ultrasound report revealed a large amount of fluid filling the scrotal area on his right side, but no hernia or infection. Other than scrotal support, Dr. Herr did not order further treatment.

In January 2013, Perez again complained of testicular swelling and was examined by Dr. Hanford, who requested a urology referral and advised Perez to refrain from exercising until the swelling resolved. In February, medical staff gave Perez a medical treatment pass for hernia support and prescribed Tylenol. In March, Nurse Practitioner Medford examined Perez for his continued complaints of scrotal pain. She noted that he previously underwent an ultrasound and stated that she would check on the status of the urology referral. In April, the Dalby Facility Utilization Review Board deferred the request for an outside urologist, noting Dr. Herr's review of the ultrasound report.

In April and May, Perez continued to complain of pain and swelling and was examined by Dr. Hanford during both months. In July, Perez filed a grievance form complaining that he still had not been examined by an outside specialist. The administrative response instructed Perez to return to the medical department if his condition worsened. Perez was seen by Nurse Practitioner Medford in August, and Dr. Hanford made a second urology referral request and prescribed ibuprofen in September. On October 3, 2013, Perez visited an outside urologist, Scott Spore, M.D., who noted that Perez complained of right testicular swelling and a right testicle hydrocele that was found on an ultrasound in December 2012. Dr. Spore's treatment notes indicated: (1) the problem had been stable and nonprogressive; (2) Perez was treated with Tylenol; (3) his symptoms included testicular pain and swelling; and (4) the problem had been ongoing. Dr. Spore recommended that Perez undergo a right hydrocelectomy—an incision made in the scrotum to remove fluid—to address

6

Perez's symptoms and pain. The surgery was scheduled, and Dr. Spore performed the hydrocelectomy on November 13, 2013, approximately one year after Perez first voiced concerns to the Dalby Facility medical staff.

Delay in medical care is actionable as an Eighth Amendment violation only to the extent that the delay constitutes deliberate indifference and results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *see also Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (noting a showing of deliberate indifference requires evidence of wanton disregard for serious medical needs). The medical records, coupled with Perez's testimony, do not indicate that the Dalby Facility health staff ignored his complaints or intentionally treated him incorrectly. *See Gobert*, 463 F.3d at 346. An ultrasound report taken after Perez's initial exam showed no signs of infection, and medical staff continued to monitor Perez before the decision was made to send him to a specialist. He was regularly examined, and he was prescribed Tylenol and ibuprofen for his complaints of pain. *See Dickerson v. Murray*, No. 9:11-CV-78, 2012 WL 1314109, at *2–3 (E.D. Tex. April 16, 2012) (failing to find deliberate indifference for 117-day delay in performing hydrocele surgery where plaintiff received on-going care, evaluation, and treatment). Perez testified that the surgery was generally successful in alleviating his symptoms. Because he has not alleged substantial harm resulting from the delay, his claims fail to state a constitutional violation.

**IV.   Recommendation**

For the foregoing reasons, the undersigned recommends that the United States District Court dismiss all claims against the Dalby Facility and its employees with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and deny any pending motions. To the extent that Perez brings claims against unnamed officers in Atlanta, Georgia, the undersigned recommends that the court dismiss those

7

claims without prejudice so that Perez may file them in the proper forum.

Dismissal of this action should count as a qualifying dismissal—"a strike"—for purposes of the three strikes provision of the Prison Litigation and Reform Act (PLRA). Further, the dismissal should not release Perez or the institution of his incarceration from the obligation to pay the previously imposed filing fee. *See Williams v. Roberts*, 166 F.3d 1126, 1128 (5th Cir. 1997). Perez must therefore continue to pay the filing fee in monthly installments as ordered in the PLRA Filing Fee Order entered in this case.

**V.**      **Right to Object**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:      April 17, 2014.

NANCY M. KOENIG
United States Magistrate Judge

8