IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SACRAMENTO PEREZ, | § | |
| Institutional ID No. 63229-019, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 5:13-CV-00178-C |
| | § | |
| DALBY HEALTH SERVICE, *et al.*, | § | |
| | § | |
| Defendants. | § | ECF |

## ORDER

Plaintiff Sacramento Perez, acting *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 on August 7, 2013, and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b). Plaintiff alleges that the named defendants were deliberately indifferent to his serious medical needs and he requested monetary damages and injunctive and declaratory relief. The Defendants have not filed an answer.

On November 7, 2013, the complaint was transferred to the docket of the United States Magistrate Judge, who conducted an evidentiary hearing pursuant to *Spears v. McCotter,* 766 F.2d 179, 181-82 (5th Cir. 1998) on December 12, 2013. Because Plaintiff failed to consent to the jurisdiction of the Magistrate Judge, she completed the preliminary screening pursuant to 28 U.S.C. §§ 1915 and 1915A, filed a Report and Recommendation on April 17, 2014, and transferred the complaint back to this Court. Plaintiff did not file a reply or objections to the Report and Recommendation.

The undersigned District Judge has made an independent examination of the record in this case and finds that the Magistrate Judge's findings and conclusions should be ADOPTED.

The Court further notes that to the extent that Plaintiff intended to sue any of the named individuals in their official capacities as employees of the Giles W. Dalby Correctional Facility, or the Giles W. Dalby Correctional Facility itself, the Supreme Court has determined that no civil rights action is available against a private prison facility. *See Correctional Services Corporation v. Malesko,* 534 U.S. 61, 71 (2001) (stating that "[w]hether it makes sense to impose asymmetrical liability costs on private prison facilities alone is a question for Congress . . .").

It is, therefore, **ORDERED**:

1. To the extent that Plaintiff is suing any unnamed officers in Atlanta, Georgia, such claims are dismissed without prejudice so that Plaintiff may file them in the proper forum.

2. All claims alleged in Civil Action No. 5:13-CV-00178-C against the Giles W. Dalby Correctional Facility and its employees are DISMISSED with prejudice as frivolous and for failure to state a claim.

3. Any pending motions are DENIED.

4. The dismissal of Plaintiff's complaint does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner **shall be required to pay the full amount of a filing fee**.") (emphasis added); *Hatchet v. Nettles,* 201 F.3d 651, 654 (5th Cir. 2000) ("No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal.").

5. This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba v. Hammons,* 103 F.3d 383 (5th Cir. 1996).

6.      Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $505.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

Judgment shall be entered accordingly.

Dated August 4, 2014.

SAM R. CUMMINGS
United States District Judge